The next case for oral argument is 24-1844, United States v. White. Good morning, Ms. Gambino. Good morning, Your Honors. Judge St. Eve, Judge Hamilton, and Judge Kirsch. There are two issues before the Court this morning. The first is whether a non-negotiable appellate waiver violates the Constitution and creates a miscarriage of justice. Why was it non-negotiable? Because the government would not permit the plea to be entered without the... Oh, no, no, no. The government would not agree to a plea agreement. She could have pled guilty, and then she would have had her right to appeal everything that she wanted to, right? She could have pled guilty without a plea agreement. Right. So what's non-negotiable here? Where do you have a constitutional right to a plea agreement? You don't have a constitutional right to a plea agreement, but when you're talking about a negotiation between a defendant and the government, the power differential is huge. Does that make it unconstitutional? It makes it unconstitutional when the defendant really doesn't have a choice. The defendant does have a choice. She has this calling choice. She'd go to trial and win the trial. She'd go to trial and lose the trial. She'd plead guilty without a plea agreement. The government never has to offer a plea agreement, and they don't have to offer terms that she likes. That's true, but when there is a plea agreement and one of the parties is not permitted to negotiate over that particular provision, then you have... What if the government says, in a different kind of case, we have to have prison time? That's not negotiable. Does that make that plea, for example, in a white-collar case, unconstitutional? I believe that the standard for the defendant is whether they are knowingly and voluntarily entering into a plea agreement. And when there is a term which they cannot negotiate, then they are not voluntarily entering into the plea agreement. What case law says that? If the plea agreement has to have consideration because it's a contract... Correct. And there are agreements that the government agreed to here in order to negotiate, and she got the plea agreement, and the government got these various provisions that it wanted. So I'm not aware of any law that says if a defendant wants to negotiate a different provision and the government says, well, no, we're not going to agree to that, that somehow that's not knowing and voluntary. That's just the government not agreeing to that particular consideration. This is a particular situation with Ms. White in which there wasn't identifiable consideration. What about the government's agreement to recommend a low-end sentence? The government agreement to recommend a low-end sentence... That's consideration. That is some consideration. That's consideration. Our case law makes that very clear. But it is not to require that she give up a right, a substantial right that she has, and leave her without recourse when things are substantially unreasonable at the end of the day leaves her with no respect for that particular right. And when you're talking about the right... That's not a knowing and voluntary argument. That's a we-don't-like-the-sentence argument, which you could challenge if you hadn't waived. Well, if you render the right to appeal non-negotiable from the point of view of the government, from the point of view of the defendant, then there is no option. Then you're saying that you have to give up this particular constitutional right in order to go forward. So your argument is that the government has to sit down with the defendant in a plea agreement, and any time the defendant wants to put a particular provision in, that the government has to agree to that, or somehow there's no consideration? No. What my argument is that when you're talking about a valuable constitutional right, such as the right to appeal from a sentence, that the government should not be able to foreclose that in the course of their negotiation because they hold the entirety of the balance of power. You're saying foreclose it. They rejected it. It looks like given the underlying conduct here, they agreed that she would get a reduction, or they would recommend to the court that she get a reduction for acceptance of responsibility, agree to a low end of the guideline sentence, but waiving the right to appeal was part of that quid pro quo in the contract. The quid pro quo, the essential quid pro quo was that she was going to enter this plea, and the government in my argument is that they should not be permitted when it comes to the right to appeal, in every case, to require that this is a non-negotiable term. Do you agree that if the waiver applies here that your appeal falls within it? So if the waiver applies, you cannot appeal whether or not the sentence was substantively unreasonable? If the waiver applies, and, of course, I disagree that the waiver applies, not only for the violation of the constitutional right aspect of it, but the ambiguity of the waiver itself. Certainly it is not drafted with the utmost clarity. They're talking about contesting all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, which does not refer specifically to what happens within each component. You can't contest the component itself, but it doesn't refer to the term of the sentence, the amount of the restitution, whether there is going to be a fine or something of that nature. So I think that also is something that needs to be considered in this case. If we're considering the facts of this case, it's hard to imagine a defendant better situated to understand what that language meant. Had she completed her dissertation in her Ph.D. in criminology? She had not, Judge. Okay, but she had the Master's and was working towards the Ph.D. That's correct. That's correct. She had no experience with the criminal justice system, however. And what I'm asking for with respect to the appellate waiver is that the circuits are divided as to whether there is sort of a safety valve and when there's going to be a miscarriage of justice or when there is a serious issue that there's an analysis that the First and the Second Circuit go through to determine whether they should apply that safety valve. What is your miscarriage of justice argument? The circuits that have adopted that apply it in pretty extreme circumstances. And we've made pretty clear, if I could just add, that, for example, we won't enforce a waiver if the district judge has sentenced above statutory maximums or it's clear that race or sex or some other clearly improper consideration has come into play. Exactly, which is what these other circuits have determined, miscarriage of justice. Your miscarriage of justice just seems to be the sentence was substantively unreasonable. Which is a serious, in the circumstances of this case, that is a serious consideration because what occurred in this case was not only the interests of the single defendant in this case but her children. Three of the children were the children of both she and the principal actor in this case. So it's substantively unreasonable not to give consideration to the fact that the sentences imposed, both with the father and the mother, are essentially rendering these children without parents who are going to be able to be active in their lives in one case ever. And in her case, for all of their young lives until they're adults themselves, and imposing another burden, a serious and significant burden, on other individuals to take care of these children. And when you balance that against the fact that she had no prior criminal involvement, that she was a victim of spousal abuse by one of the perpetrators of the action, and that she had the least significant role to play amongst all of the players here, and that the two other co-defendants who actually participated in the robbery where she did not were sentenced to far less time than she was without any of those mitigating factors, and with the only mitigating factor being that they had testified against their co-defendant. They cooperated and entered a plea and testified. That's very different than comparing to a defendant who proceeded to trial. That's true. Ms. White did not proceed to trial. Or who didn't have that cooperation. She did not cooperate. The other two did. But to give them the degree of break which they got given the seriousness of their conduct in comparison to her role in the offense, even that cooperation doesn't account for the disparity that we're talking about. Do you want to save your little bit of time? I do. Thank you.  Thank you. Mr. Temkin, welcome back. Thank you. May it please the Court. Good morning again, Your Honors. Eli Temkin for the United States. This Court should enforce the appeal waiver and dismiss— Why did the government file a motion to just enforce the appeal waiver in this case? The government could have. This Court has given different views on when a motion to dismiss right off the bat is appropriate. This is a big case. It's a significant case. The offense conduct is tragic. It's a weighty sentence. The government thought it would be prudent to brief the case and present it to the Court. But it very well could have moved to dismiss. The appeal waiver covers this. This is well within the scope. The appeal waiver by its terms covers all components of Ms. White's sentence or the manner in which her conviction or sentence were determined or imposed to any court on any ground. This falls squarely within. This is about the length of her sentence and its substantive reasonableness. This Court has held that the length of the sentence is a component of the sentence, which is a common-sense ruling consistent with this Court's cases that we've cited in Uriarte and Block. The Lockwood case we've cited as well makes clear that that same language covers a great deal. The appeal waiver is enforceable and valid here. It was knowing and voluntary. Ms. White repeatedly said that the agreement and the plea were knowing and voluntary. She acknowledged that she was giving up the right to appeal even if the sentence was harsher than she expected, and she understood the statutory sentencing ranges that she was facing. So there was no clear error for the district court to find that the plea and the agreement were knowing and voluntary. Ms. White's arguments now don't give any reason to doubt that validity. The plea agreement as a whole was negotiated. She had choices here. She could have pled in the blind, she could have gone to trial, and she chose not to. The plea agreement is valid even if the government is not willing to negotiate on one particular term. The agreement as a whole still can be valid, as this Court has explained, in cases like McGuire and Hare that we've cited. Ms. White received consideration. The government recommended a sentence at the bottom of the guidelines and the offense level reduction for accepting responsibility. And even now on appeal, Ms. White says that she entered the plea agreement hoping to avoid a life sentence. She said on page 16 of her brief, and she did in fact avoid it here. That was the bargain that she struck. This Court has rejected the idea of this amorphous miscarriage of justice exception. The Court has stuck with only narrow exceptions that wouldn't cover this situation, and there's no reason to overturn that precedent. Those exceptions don't seem any different than the miscarriage of justice exceptions from other circuits. Those are pretty narrow. I think that's a fair reading, Your Honor, and that, if anything, just says that those circuits, whether they call it a miscarriage of justice or something else, aren't adopting this kind of amorphous exception. In practice, it seems like those circuits are consistent with this Court, only actually applying these narrow limited exceptions. Even if there were some amorphous exception, this is not the case to find a miscarriage of justice, which gets to why the sentence was substantively reasonable. Ms. White received a below-guidelines sentence. This Court presumes, it's nearly an irrebuttable presumption, that a below-guidelines sentence is reasonable. This Court, to the government's knowledge, has never found that type of sentence to be substantively unreasonable. In this case, the Court appropriately weighed the statutory sentencing factors. Defense conduct was grave. It involved a bank robbery with a murder of a recently retired police officer. Ms. White was a full and active participant. She planned it. She convinced one of the robbers to join. She stood to get some of the money. She provided the guns. She had downloaded the scanner app, and she served as their lookout. And then after the robbery, she sent the driver to go pick up the robbers. She didn't come clean or withdraw, and she just kept helping her fiancé, who was the one who pulled the trigger. The factors that Ms. White points to now in mitigation, the District Court accounted for in imposing a sentence that's almost nine years below the bottom of the guidelines range. The Court recognized the weighty burden on her children, but it also recognized that Ms. White brought that on them, and there's no less of a burden to the victim's family. Any disparity with her co-defendants was warranted because they cooperated in the case and testified against the person who pulled the trigger. For all those reasons, unless the Court has further questions, the government asks the Court to dismiss the appeal or affirm. Thank you. Thank you, Mr. Temkin. Ms. Gambino, we'll give you a minute. We're not talking about an amorphous exception here. What we're talking about is something similar to what the First Circuit does with the Teeter test, which is to look at whether the scope of the waiver is clearly delineated, whether the District Court specifically inquired of the defendant, and would the denial of those rights constitute a miscarriage of justice. In this particular case, given the circumstances surrounding the offense and Ms. White's personal circumstances and those of her children, a sentence of 25 years was substantively unreasonable, and if you look at each provision of the Teeter test, it would weigh in favor of finding that exception in Ms. White's case. So we would ask that the Court reverse and remand. Thank you, Ms. Gambino, and you accepted appointment in this case. I did, Your Honor. Thank you for your service to your client and to the Court in doing so. Thanks to Mr. Temkin as well, and the Court will take the case under advisement.